# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation, | |
| Plaintiff, | Civil No. 3:18-cv-00137-WHR-MJN |
| v. | District Judge: Judge Walter H. Rice |
| | Magistrate Judge: Michael J. Newman |
| TWIST, INC., an Ohio corporation, | |
| Defendant. | |

## PROTECTIVE ORDER

The Court recognizes that disclosure and discovery activity are likely to arise that will require the disclosure of trade secrets, confidential research, development, manufacturing, financial, process, marketing, and business information, or other commercial information within the meaning of Federal Rule of Civil Procedure 26(c). Good cause exists to protect this information from public disclosure. In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information. The parties have stipulated to abide by all terms herein, with the exception of the terms of paragraph 4.d *infra*.

Accordingly, after considering the parties' respective arguments as to paragraph 4.d, the Court hereby ORDERS that the parties shall adhere to the following:

1.     **Scope of this Protective Order.** This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery, as well as any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto. This Protective Order shall apply to the Parties and to any non-party from whom discovery may be sought who desires the protection of this Protective Order.

Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

2.     **Definitions.**

a.     "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b.     "Confidential" information is information concerning a Person's business operations, processes, and technical and development information within the scope of Fed. R. Civ. P. 26(c)(1)(G), the disclosure of which is likely to harm that

person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

c.　　　"Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

d.　　　Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a Person lawfully obtained it independently of this litigation.

**3.**　　**Designation of Information as Confidential or Highly Confidential.**

a.　　　A Person's designation of information as Confidential or Highly Confidential means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b.　　　A Person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Producer may make

documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the Recipient.

c. A Person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing Party and the stenographer and videographer in writing, within ten (10) days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

d. A Person designates information in its discovery responses, responses to requests for admission and all other papers sent to opposing counsel as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before serving or sending such papers.

e. A Person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

f. A Person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all Parties in the case.

g.      If a Person inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate the information by notifying the Recipient(s) in writing and promptly providing replacement copies of the document or things properly designated pursuant to paragraph 3. The Recipient(s) shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. However, no Person shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

h.      If a Party disputes a Producer's designation of information as Confidential or Highly Confidential, the Party shall notify the Producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the Producer files a motion with the Court to maintain the Producer's designation. The Producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the Producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A Party's failure to contest a designation of information as Confidential or

Highly Confidential is not an admission that the information was properly designated as such.

**4.** **Use and Disclosure of Confidential and Highly Confidential Information.**

a. Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Protective Order.

b. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential information to any person other than the following:

(i) a Party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel;

(ii) a Party's in-house counsel;

(iii) a Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

(iv) a stenographer and videographer recording testimony concerning the information;

(v) subject to the provisions of paragraph 4(d) of this Protective Order, experts and consultants and their staff whom a Party employs for purposes of this litigation only; and

(vi) the Court and personnel assisting the Court.

c. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).

d. A Party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this Protective Order until after the expert or consultant has signed an undertaking in the form of Exhibit A to this Protective Order. The Party obtaining the undertaking must serve it on all other Parties at least ten days before the first disclosure of Confidential or Highly Confidential information to such expert or consultant (or member of their staff), along with a copy of the curriculum vitae of the expert or consultant. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the Parties resolve the dispute within ten days after service of the objection, the Producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

e. Notwithstanding paragraph 4(a) and (b), a Party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the Producer; (ii) any person, no longer affiliated with the Producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f.      A Party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

**5.      Inadvertent Disclosure.** Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

**6.      Filing of Confidential Information with the Court.**

a.      This Protective Order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of the Court. *See Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016) (finding that no document may be filed with a court under seal without prior permission from the court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal [requested] is no broader than necessary").  A Party wishing to file under seal a document containing Confidential or Highly Confidential information must submit the information to the Court, and if the Court approves, the Party shall submit the information pursuant to S.D. Ohio Civ. R. 5.2.1.

b.      If a Party submits a document containing Confidential or Highly Confidential information to the Court for approval to file under seal, and the Court denies such approval, this Protective Order does not prevent the Party from filing in

the public record such document that the Court has determined is not appropriate for filing under seal.

c.     If a Party wishes to file in the public record a document that another Producer has designated as Confidential or Highly Confidential, the Party must advise the Producer of the document no later than five business days before the document is due to be filed, so that the Producer may move the Court to require the document to be filed under seal.

7.     **Document Disposal.** Upon the conclusion of this case, each Party must return to the Producer all documents and copies of documents containing the Producer's Confidential [or Highly Confidential] information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information. Alternatively, if the Producer agrees, the Party may destroy all documents and copies of documents containing the Producer's Confidential or Highly Confidential information. The Party returning and/or destroying the Producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this Protective Order.

**IT IS SO ORDERED:**

Dated:_____December 18, 2018_____          s/ Michael J. Newman_____
                                                                      United States Magistrate Judge

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TWIST, INC., an Ohio corporation,<br><br>Defendant. | Civil No. 3:18-cv-00137-WHR-MJN<br><br>District Judge: Judge Walter H. Rice<br>Magistrate Judge: Michael J. Newman |

---

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state the following under penalties of perjury as provided by law:

I have been retained by _____ as an expert or consultant in connection with this case. I will be receiving Confidential and/or Highly Confidential information that is covered by the Court's Protective Order dated _____, 2018. I have read the Court's Protective Order and understand that the Confidential and Highly Confidential information is provided pursuant to the terms and conditions in that Protective Order.

I agree to be bound by the Court's Protective Order. I agree to use the Confidential and/or Highly Confidential information solely for purposes of this case. I understand that neither the Confidential nor the Highly Confidential information

nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Protective Order. I agree to return the Confidential and Highly Confidential information and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division at Dayton in connection with any proceedings concerning enforcement of the Protective Order.


_____
(signature)

_____
Name (printed)

Date: _____

4835-5216-2662.5